IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HUGHIE DON CHANCEY, JR.                                                 PLAINTIFF

                v.                 Civil No. 06-2057

SHERIFF REED HAYNES, Franklin
County, Arkansas; MARGARET LEWIS,
Administrator, Franklin County Detention
Center; JOSH ROSS, Jailer, Franklin
County Detention Center; MIKE HAMILTON,
Investigator, Franklin County Detention Center; AND
JOHN DOE JAILER                                                     DEFENDANTS

## **ORDER**

This civil rights action was filed in forma pauperis (IFP). On June 15, 2006, plaintiff, who is unrepresented, filed a motion for appointment of counsel (Doc. 8).

In *Mallard v. United States District Court*, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915(e)(1) provides: "the court may request an attorney to represent any person unable to afford counsel."

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted). "Once indigent pro se litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be [requested] if the district court determines it is necessary." *Id.*

The standard used in determining the necessity of requesting counsel to represent the litigant is whether both the litigant and the court would benefit from the assistance of counsel. *Id.* "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" *Id.* (*quoting, Nachtigall v.*

*Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)). *See also Stevens v. Redwing*, 146 F.3d 538, 547 (8th Cir. 1998); *Bumgarner v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In his motion, plaintiff states he has a lot of information that he believes needs to be brought to light. Without an attorney, he states he does not believe he can accurately pinpoint the dates and times of various events without speaking to witnesses. He indicates there are a number of individuals who know he hadn't received his medication for days and that he was transported to the emergency room. Chancey maintains he needs an attorney to be able to bring out the necessary facts.

This case is in the early stages yet. Although the court has ordered service on the defendants, no proof of service has yet been filed. After the defendants file their answer, the parties can engage in discovery. Chancey can obtain copies of his records from the detention facility and of the medical treatment he received while there. At this point, it appears Chancey will be able to adequately represent himself and the court sees no reason Chancey cannot engage in discovery and obtain necessary documents from the defendants.

The testimony of witnesses is not ordinarily needed until an evidentiary hearing is scheduled. If a hearing is scheduled, plaintiff will receive written notice of the scheduling. The scheduling order will inform plaintiff what information he needs to provide to the court so that the court will issue subpoenas or writs on his behalf. The motion for appointment of counsel is denied.

Dated this 16th day of June 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE